IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> FREEPORT WELDING & FABRICATING, INC.; ANTONIO HERNANDEZ; JESUS CHAVEZ; and JORGE VEGA, <br><br> Defendants. | ) ) ) ) ) ) ) C.A. No. _____ ) ) ) ) ) ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ACE AMERICAN INSURANCE COMPANY ("ACE"), under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, brings this Complaint for Declaratory Judgment and alleges as follows:

### THE PARTIES

1. At all times relevant to this complaint, plaintiff ACE has been a corporation organized and incorporated under the laws of Pennsylvania with its principal place of business in Scranton, Pennsylvania.

2. At all times relevant to this complaint and on information and belief, defendant FREEPORT WELDING & FABRICATING, INC. ("Freeport Welding") has been a corporation organized and incorporated under the laws of the State of Texas with its principal place of business in Freeport, Texas.

3. At all times relevant to this complaint and on information and belief, defendants ANTONIO HERNANDEZ, JESUS CHAVEZ, and JORGE VEGA (collectively, "the Claimants") have been citizens of the State of Texas.

212827.1

4. The Claimants are necessary parties to this action although ACE seeks no relief against them.

## JURISDICTION AND VENUE

5. The court has original jurisdiction of this matter under 28 U.S.C. § 1332, the diversity statute. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the plaintiff and each defendant.

6. Venue is proper in this district and division under 28 U.S.C. § 1391(a)(2) because a substantial part of the acts or omissions giving rise to this claim occurred in this district and division.

7. Venue is also proper in this district and division under 28 U.S.C. § 1391(a)(1) and (c) because defendant Freeport Welding is a corporation subject to personal jurisdiction in this district and division.

## GENERAL ALLEGATIONS

8. The Claimants have filed a petition for personal injury in the 23rd Judicial District for Brazoria County, Texas, under the style *Antonio Hernandez, Jesus Chavez, Jorge Vega v. Freeport Welding & Fabricating, Inc.*, Cause No. 52394 (the "Hernandez Suit"). A true and complete copy of the latest petition in the Hernandez Suit is attached as Exhibit A and is incorporated by reference.

9. The Claimants in the Hernandez Suit allege that on May 20, 2009, they were working as employees of Industrial Specialists, LLC, f/k/a Brand Industrial Solutions, LLC, ("Industrial Specialists") in a large cylindrical vessel at a facility owned by Freeport Welding, when the vessel became dislodged and rolled off its mount, causing them injury. The Claimants assert that Freeport Welding is liable in tort for their injuries. *See* Exhibit A.

10. Freeport Welding seeks a defense and indemnification for the claims in the Hernandez Suit under the terms of an ACE Commercial General Liability Policy issued to Industrial Specialists. ACE denies that any coverage is owed under the Policy, and it seeks a declaration from this court that no coverage is owed.

## THE ACE POLICY

11. The relevant policy is Commercial General Liability Policy No. HDO G23745434 issued by ACE to Brand Energy & Infrastructure Services, Inc., with a policy period of September 30, 2008, to September 30, 2009 ("the ACE policy"). Relevant portions of the ACE Policy are attached to this Complaint as Exhibit B. The ACE Policy has the following relevant language:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section III Limits of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

  b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period . . . .

\*\*\*

ENDT. # 36

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

**ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

| Name of Additional Insured Person(s) or Organization(s): |
|---|
| Any person or organization whom you have agreed to include as an Additional Insured under a written contract, provided such contract was executed prior to date of loss. |

Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or those acting on your behalf:

A. In the performance of your ongoing operations; or

B. In connection with your premises owned by or rented to you.

\* \* \*

ENDT. # 31

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

| Name of Person(s) or Organization(s): |
|---|
| "Any person or organization the insured is required by contract to provide said coverage" |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations

A.  Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part by:

   1.  Your acts or omissions; or

   2.  The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

B.  With respect to the insurance afforded to these additional insureds the following additional exclusions apply:

   This insurance does not apply to "bodily injury" or "property damage" occurrence after:

   1.  All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the

212827.1

additional insured(s) at the location of the covered operations has been completed; or

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

"The insurance afforded by this policy for the benefit of the additional insured(s) shown above shall be primary, but only with respect to any claims, loss or liability arising out of the operations of the named insured and any insurance maintained by the additional insured(s) shall be non-contributory."

## TENDER AND DENIAL OF COVERAGE

12. On July 17, 2009, counsel for Freeport Welding sent a letter from Houston, Texas tendering Freeport Welding's defense in the Hernandez Suit to Industrial Specialists, and asked that the tender be passed on to Industrial Specialists' insurance carrier. *See* Exhibit C. Industrial Specialists forwarded the tender to ACE, as requested.

13. As a basis for its tender, Freeport Welding relies on a Purchase Agreement dated January 3, 2009 (the "2009 Purchase Agreement"). *See* Exhibit C.

14. Because the 2009 Purchase Agreement does not serve as a basis for coverage under the Policy, ACE denied Freeport's tender of defense and indemnity in the Hernandez Suit by a letter to Freeport Welding's counsel dated August 27, 2009, and again on April 1, 2010. *See* Denial letters, attached as Exhibits D and E.

## CONTRACTS BETWEEN INDUSTRIAL SPECIALISTS AND FREEPORT WELDING

15. On September 5, 2008, Industrial Specialists submitted to Freeport Welding BIS Proposal No. 0880156, Rev. 3.

212827.1

16. On October 22, 2008, Freeport Welding accepted Industrial Specialists' BIS Proposal No. 0880156, Rev. 3, and issued Purchase Order No. 5902-112165 ("the 2008 Purchase Order"). *See* Exhibit F. The 2008 Purchase Order had the following relevant provisions:

> **THIS ORDER INCORPORATES ALL THE TERMS AND CONDITIONS LISTED ON THIS ORDER; AND ACCEPTANCE OF THIS PURCHASE ORDER BY SELLER TO FURNISH MATERIALS, PRODUCTS AND/OR SERVICES CALLED FOR HERIEN CONSTITUTES ACCEPTANCE OF ALL TERMS AND CONDITIONS.**
>
> * * *
>
> PER BIS PROPOSAL NO. 088-156 REV. 3
> INCLUDES LABOR, MATERIAL, PERSONNEL, QUALFIICATION, PRODUCTION TEST & THERMAL DRY-OUT.
> DETAILED SCOPE OF WORK AND REQUIREMENTS TO FOLLOW.
> WORK TO BE PERFORMED APPROX. 2ND QUARTER 2009. NO EXCALATION
> PRE-JOB MEETING WILL BE SCHEDULED WITH FWF QC MANAGER, JOHN FORD.

17. Subsequently, on January 5, 2009, Freeport Welding and Industrial Specialists entered into the 2009 Purchase Agreement. This document specifies, "In the event that Freeport Welding ... provides notice in writing or by other means to the 'Seller' [Industrial Specialists] ... that seller is to provide certain goods and/or services to [Freeport Welding], then the terms and conditions of this AGREEMENT...shall apply." *See* Exhibit G. The 2009 Purchase Agreement also has the following relevant provisions:

> Product/Service: As specified by buyers [sic] order
>
> * * *
>
> Specifications: As specified by buyers [sic] order
>
> Price: To be determined by Purchase Orders . . . .
>
> Term of Agreement: From January 1, 2009 to Evergreen
>
> * * *
>
> Other Provisions or Special Requirements:
>
> * * *
>
> Terms and Conditions: The Purchase Agreement Terms and Conditions set forth below are hereby incorporated by reference to

212827.1

all purchase orders issued by [Freeport Welding] to [Industrial Specialists] and shall govern all such transactions. Where there is a conflict between any terms and conditions set forth above and those contained in the Purchase Agreement Terms and Conditions, the terms and conditions set forth above shall prevail.

\* \* \*

1.  GOVERNING PROVISIONS. In the event of conflict between the terms included above and these printed Purchase Agreement Terms & Conditions, the terms above shall prevail. Each shipment received by [Freeport Welding] from [Industrial Specialists] shall be deemed to be only upon the terms, including these Purchase Agreement Terms & Conditions, contained in this Purchase Agreement, except as they may be added to, modified, superseded or otherwise altered by [Freeport Welding], not withstanding any terms and conditions that may be contained in any acknowledgement, invoice or other form of [Industrial Specialists] and notwithstanding buyer's act of accepting or paying for any shipment or similar act of [Freeport Welding] and [Freeport Welding] hereby rejects any different or additional terms and conditions proposed by [Industrial Specialists]. If this order is sent to [Industrial Specialists] in response to a quotation or an offer of [Industrial Specialists] submitted to [Freeport Welding], the terms of this Purchase Agreement including these Purchase Agreement Terms & Conditions (collectively the "Order"), shall supersede and control all provisions in the quotation or offer of [Industrial Specialists] and shall be considered a rejection of such quotation or offer and offer to [Industrial Specialists] . . . .

\* \* \*

5.  INSURANCE. [Industrial Specialists] agrees to carry the following minimum insurance which shall be primary to any insurance maintained by [Freeport Welding]:

Workers Compensation, Commercial General Liability, including Completed Operations and Product Liability Insurance; Blanket Contractual with an endorsement naming [Freeport] as an additional insured with minimum limits of liability of $2,000,000 each occurrence combined single limit.

Not later than ten (10) days from the date of this Order but in any case prior to [Industrial Specialists'] entering [Freeport Welding's] property to perform Services, a certificate evidencing the above coverage shall be provided to [Freeport Welding] and said certificate shall provide that [Freeport Welding] shall be given thirty (30) days advance notice n the event of cancellation or material modification of the coverage.

\* \* \*

8.  INDEMNIFICATION. [Industrial Specialists] shall assume the sole responsibility for any and all damage or injury (including death) to any and all

212827.1

persons (including, but not limited to employees of [Industrial Specialists] or [Freeport Welding] and to all property associated with the performance of its obligations under this Order or any act or omission of [Industrial Specialists], and shall defend, indemnify and save harmless [Freeport Welding] from and against any and all claims, liabilities, expenses (including attorneys' fees), fines, penalties, and damages except for such claims, liabilities, etc. caused by the sole negligence of [Freeport Welding]. [Industrial Specialists] hereby releases and waives all rights of subrogation against [Freeport Welding] possessed by [Industrial Specialists'] insurers. [Industrial Specialists] hereby represent that it is authorized by its insurers to grant such release and waiver.

\* \* \*

16. APPLICABLE LAW. This Order shall be governed by and construed in accordance with the laws of the state of [Freeport Welding's] location set forth on this Order without reference to its conflicts of law principles.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

18. ACE has no duty to defend or indemnify Freeport Welding in the Hernandez Suit under the terms of the ACE Policy.

19. ACE is entitled to a declaratory judgment stating that ACE has no duty to defend or indemnify Freeport Welding in the Hernandez Suit under the terms of the ACE Policy.

20. The terms and conditions of the 2009 Purchase Agreement do not apply to the 2008 Purchase Order and therefore, the 2009 Purchase Agreement cannot form a basis for Freeport Welding to assert coverage under the ACE Policy for the Hernandez Suit.

21. ACE is entitled to a declaratory judgment stating that the terms and conditions of the 2009 Purchase Agreement do not apply to the 2008 Purchase Order and therefore, that the 2009 Purchase Agreement cannot form a basis for Freeport Welding to assert coverage under the ACE policy for the Hernandez Suit.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff, ACE American Insurance Company, demands judgment as follows:

212827.1

A) A declaration by this court that ACE has no duty to defend or indemnify Freeport Welding in the Hernandez suit under the terms of the ACE Policy;

B) A declaration by this court that the terms and conditions of the 2009 Purchase Agreement do not apply to the 2008 Purchase Order

C) A declaration by this court that the 2009 Purchase Agreement cannot form a basis for Freeport Welding to assert coverage under the ACE policy for the Hernandez Suit;

D) Any other relief this court deems appropriate under the circumstances.

Respectfully submitted,

By: /s/ *Martin S. Schexnayder*
Martin S. Schexnayder
SBN 17745610
Federal I.D. No. 15146
5847 San Felipe, Suite 2300
Houston, Texas 77057
Telephone: 713/785-7778
Telecopy: 713/785-7780
Martin.Schexnayder@WilsonElser.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
ACE AMERICAN INSURANCE COMPANY**

OF COUNSEL:

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

Marjorie L. Cohen
State Bar No. 24031960
Federal I.D. No. 34303
5847 San Felipe, Suite 2300
Houston, TX 77057
Telephone: 713/785-7778
Telecopy: 713/785-7780
Marjorie.Cohen@WilsonElser.com

212827.1